*899 The opinion of the court was delivered by
Spencer J.
On 17th February, 1866, Mrs. Chiapella, by public act before Selim Magner, notary, executed in favor of John Gartskamp an act of sale of three lots of ground in the Sixth District of New Orleans, wherein she acknowledges to have received from him the price, as follows : $500 cash, and the note of purchaser for $500 more, payable to 'his own order, and endorsed at one year.
John Gartskamp died some years ago, and said property was inventoried as part of his estate, and is in possession of his widow and heirs, defendants in this suit, who produce and file in evidence herein the note above described.
On 10th January, 1878, plaintiff brought this suit against said widow and heirs, and alleges — ■
First — That he purchased by act .before Selim Magner, notary, on the 17th of February, 1866, these three lots and paid the price thereof, one thousand dollars, to Mrs. Chiapella.
Second — That John Gartskamp, deceased, acted as his agent and took the title in his own name.
Third — That Gartskamp repeatedly acknowledged the property to be plaintiff’s and promised to transfer it, and would have done it, but for his death.
The case came up for trial on first of February, and plaintiff amended his petition, alleging—
Fourth — That Gartskamp took the title in his own name without the knowledge or consent of xsetitioner, concealed said fact from petitioner for a long time in fraud, and that on making the second payment, nine months after the sale, petitioner was still ignorant that the title ■stood in Gartskamp.
On the trial plaintiff offered to prove these allegations by his own testimony, and that of other witnesses, which testimony being objected •to by defendants, as inadmissible, was rejected by the court, to which plaintiff excepted. There was judgment for defendants, and plaintiff appeals, and presents as the sole ground for decision the admissibility •of parol evidence to prove the allegations of his petition. He does not produce or pretend that there ever existed any written evidence whatever of the facts he alleges.
First — He i seeks to prove by parol a contract of mandate for purchase of real estate, which is prohibited by article 2992 O. O.
In Muggah vs. Greig, 2 L. 593, where the title of a slave was in Muggah, but the possession in Greig, who set up that the purchase was made for him, with his money, and that the slave had been delivered to him, this court said :
“ In the contract of sale or other transfer of immovables required *900 by law to be made in writing and which the parties are not permitted to support by testimonial proof, written evidence ought to be produced, as being alone legally admissible to establish the authority by which an agency is assumed for either of the contracting parties.”
But the ease of Baden vs. Baden, 4 L. 166, is still more pointed and conclusive. That suit was brought to compel the defendant to convey and transfer to the plaintiff certain lots of ground, which plaintiff alleged were bought for her deceased husband (of whom she is heir), through the agency of defendant, who fraudulently took title and refuses to convey. The defendant in that case, as in this, offered in evidence an authentic act of sale to himself, showing that he took the title in his own name and paid the price, part in cash, and. gave his note for the balance.
Plaintiff offered to prove by parol that defendant, in making said purchase, acted as agent of her husband. The evidence was objected to. This court say, “the decision of. the case depends entirely on the legal admissibility of testimonial proof to establish a contract of agency relating to sales and purchases of real- estate.” It then states that the negative had been held in Muggah vs. Greig, 2 L. 593, and continues, “ But plaintiff’s counsel claims the right to introduce parol proof to establish the mandate against defendant, on -the ground of allegations of fraud against him in the petition. It is perhaps true, that contracts however solemnly entered into in appearance, and however completely clothed with legal formalities, may be annulled on account of simulation and fraud; and to prove such simulation and fraud, testimonial proof may be resorted to ; but this can be legally done only when necessity requires an infringement of the general rules adopted to protect the inviolability of written contracts. The provisions of our Oode render incompetent all oral testimony to prove a contract relating to the sale of real estate; and no means are left to a vendee of such things to enforce a verbal agreement to sell, except the oath of the vendor, although there is certainly a want of good faith and fraud on his part,in not'performing his promise. When third persons attack contracts for fraud, testimonial proof is of necessity admissible to establish it. But when the allegation of simulation and fraud comes from one of the parties to a contract, he is bound to establish it by some written evidence, such as counter letter, etc.” The court then says that “plaintiff’s object is virtually to make out a title in herself to real estate by oral evidence aloho,” by basing her claim on a parol contract of mandate. “To admit such proof would, in our opinion, violate the rules of evidence ordained by the articles o'f the Code and destroy the protection intended to be given by them to proprietors of the most important property (real estate) in the State.” See, also, 10 R. 35; 1 A. 73; 3 A. 333; 5 A. 132 and 201.
*901 Second — Plaintiff seeks to.prove by parol the acknowledgments and extra judicial confessions of Gartskamp, in support of a demand, “ of which testimonial proof would be inadmissible,” which is not permitted. See 0. C.' 2290.
If plaintiff’s pretensions were admissible, the last barrier of safety for titles of real estate would be gone; for it would be then, by false swearing, possibl¿ to defeat every title.
• What the plaintiff alleges may be true; yet it is far better that he suffer the penalty of his own negligence than that the door to fraud and perjury be thrown open and titles to real estate be rendered insecure.
There is nothing in the case relied upon by plaintiff, 7 Mart. 243, “Hall vs. Sprigg,” to show that there was not written proof of the agency. See review of this case in 2 L. 593, above cited. The claim was that the defendant acting as-plaintiff’s agent, and buying with his money, had taken the title in his own name and refused to convey it to his principal. The objection was that parol evidence was inadmissible against or beyond the contents of the written title to defendant. The court said:
“ No such thing is .attempted here as contradicting the contents of the act; the plaintiff admits the whole of it; but he says that no such act ought to have been executed to the defendant in his own name, because he purchased as agent; and he says that after having caused the instrument to be so made, he is bound to transfer the property to his principal.”
But if that case (which was decided .under the Code of 1808) can be •construed as establishing the doctrine that by merely alleging parol agency in a purchase of real estate, and fraudulent- refusal to convey, one can recover real property, and maintain and establish title thereto, wholly by parol proof, we must say that it is in direct conflict with what are now fundamental principles of our law of titles, and overruled by the jurisprudence of half a century.
In the case of Caldwell vs. Hennen, 5 R. 20, cited by plaintiff, the agency was conclusively shown by written memoranda and other papers, made by A. Hennen, who actually made a formal title to his principal.
In Livingston vs. Morgan, 26 A. 646, also cited by plaintiff, the defendant had written numerous letters to plaintiff’s mother acknowledging the agency, and besides freely admitted on trial all the facts, but defended his rights on the ground that plaintiff had not provided the money to meet his (defendant’s) notes given for the price, after due notice to do so, and that,-as he had been left to pay for the land out of his own means, it was his, etc.
In conclusion, we would say that an action to enforce the contract of mandate, the trust of which it is alleged the agent has fraudulently violated, presupposes that there was such contract; and such action *902 must fail when no legal proof of this fundamental fact is produced. In other words, one must establish by legal evidence the existence of a contract before he can show by parol its violation,
There is no error in the judgment appealed from, and it is affirmed with costs.